JAMES T. BURTON (USB 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (USB 12647)
*jrupp@kmclaw.com*
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Attorneys for Plaintiff*
*Young Living Essential Oils, LC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG LIVING ESSENTIAL OILS, LC., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CELESTE KINGSTON, an individual, and THE ETHICA COMPANY, a Washington business entity, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: 2:19-CV-00142-EJF<br><br>**COMPLAINT**<br><br>Judge Evelyn J. Furse<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Young Living Essential Oils, LC ("Young Living"), hereby complains and alleges against Defendants Celeste Kington ("Kington"), The Ethica Company and Defendants John Does 1-10 (the defendants are referred to herein collectively as "Ethica") as follows:

## THE PARTIES

1. Young Living is a Utah limited liability company having its principal place of business at 3125 Executive Parkway, Lehi, Utah 84043.

2. Kingston is an individual living in the State of Washington. She is also known as Celeste Christiensen.

3. Upon information and belief, The Ethica Company is a Washington business entity doing business under the name The Ethica Company that is located in or near Camas, Washington.

4. The true names and capacities of John Does 1 through 10, inclusive, are unknown to Young Living at this time who, therefore, sues said Defendants by such fictitious names. Upon information and belief, Young Living alleges that each of the Defendants designated herein as a fictitiously named defendant is, in some manner, responsible for the events and happenings herein referred to and caused the damage to Young Living as herein alleged. Young Living will amend this Complaint to allege such true names and capacities when these facts are ascertained.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

6. This Court has supplemental jurisdiction over Young Living's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Young Living's federal claims.

7. This Court has personal jurisdiction over Ethica because it transacts business in this district (including by selling infringing product into this district) and Ethica has caused damages to Young Living in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of Ethica's acts and omissions giving rise to Young Living's claims occurred in this district and because there is personal jurisdiction over Ethica.

## GENERAL ALLEGATIONS

**I.   YOUNG LIVING**

9. Young Living was founded in 1994 by Gary Young.

10. Young Living sells essential oils and wellness solutions.

11. Young Living markets its essential oils through a world-wide network of independent distributors, most of whom are also consumers of Young Living's products.

12. Currently, Young Living has over one million independent distributors throughout the world.

13. As part of providing essential oils to its customers, Young Living owns and operates farms in the United States (including in Utah) and throughout the world where Young Living grows many of the plants it uses to make its essential oils.

14. Essential oils are oils derived from plants which have many uses, including use in food flavoring, perfume industries, and in aromatherapy.

15. Young Living specializes in the manufacture, sale, and marketing of essential oils of natural plant origin suitable for aromatherapy and wellness practices.

16. Young Living sells a variety of individual essential oils, including lavender, peppermint, lemon, frankincense, and many others.

17. Young Living also sells proprietary blends of essential oils and products made with essential oils.

18. Young Living's efforts and accomplishments have contributed to its extraordinary reputation and goodwill, making Young Living a well-known and recognized name in, *inter alia*, the field of essential oil throughout the United States and the world.

19. Indeed, Young Living's enviable reputation and philosophy of providing the public with the highest quality essential oils has made it a leader in its field.

## II. YOUNG LIVING'S MARKS

20. Young Living has continuously provided high quality blended essential oils using the THIEVES mark since at least 1994.

21. The United States Patent and Trademark Office ("USPTO") granted Young Living a federal registration (U.S. TM Reg. No. 2,688,364) for THIEVES on February 18, 2003, a copy of which is attached as Exhibit A.

22. Young Living's aforementioned THIEVES mark has achieved incontestability status pursuant to 15 U.S.C. § 1065.

23. The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,376,568) for THIEVES on July 30, 2013, a copy of which is attached hereto as Exhibit B.

24. Young Living's aforementioned THIEVES mark has achieved incontestability status pursuant to 15 U.S.C. § 1065.

25. The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,812,779) for THIEVES on September 15, 2015, a copy of which is attached as Exhibit C.

26. The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 5,028,300) for THIEVES on August 23, 2016, a copy of which is attached as Exhibit D.

27. Young Living's four THIEVES marks referenced above are collectively referred to herein as "Plaintiff's Marks."

28. Young Living is the owner of Plaintiff's Marks.

29. Young Living's blended essential oils have been widely advertised and extensively promoted under Plaintiff's Marks.

30. Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as a symbol of Young Living, its exceedingly high quality essential oils, and its goodwill.

31. Young Living enjoys remarkable success and an enviable reputation in its field due in large part to its use of and rights in Plaintiff's Marks.

32. Young Living has made great expenditures and sacrifices to achieve the success it now enjoys in Plaintiffs' Marks.

33. Indeed, as a result of Young Living's favorable reputation and considerable investment in and promotion of Plaintiffs' Marks, Plaintiff's Marks have become an indicator of Young Living's high quality essential oils.

34. Young Living regularly and consistently enforces its rights under Plaintiff's Marks in order to ensure Young Living's continued success and excellent reputation.

35. Plaintiff's Marks have been extensively and continuously advertised and promoted to the public by Young Living through various ways, including but not limited to, through Young Living's worldwide network of distributors, over the Internet (including at youngliving.com), at trade shows, telephonically, and in-person.

36. By reason of such advertising and promotion, Young Living has sold essential oils under Plaintiff's Marks to over one million customers.

37. Because of Young Living's advertising and promotion under Plaintiff's Marks, the consuming public has come to recognize Young Living's essential oils utilizing Plaintiff's Marks as solely emanating from Young Living.

38. As a result of Young Living's extensive use, advertising, promotional efforts, market recognition, commercial success, and wide distribution through its world-wide distribution channels, Plaintiff's Marks have become famous and are recognized as distinctive symbols of the highest quality of essential oils.

39. Plaintiff's Marks are an extremely valuable asset of Young Living.

## II. ETHICA'S INFRINGING CONDUCT

40. Ethica promotes essential oil products that are improperly using and similar to

Plaintiff's Marks.

41. Specifically, Ethica promotes and sells alleged essential oils under the name "Formerly Thieves Guard" or similar language thereto (hereinafter "Infringing Mark" or "Infringing Product").

42. The Infringing Product is sold or has been sold at, without limitation, www.ethicacompany.com and amazon.com.

43. The Infringing Product is marketed "a classic combination of oils inspired by European thieves from medieval ages."

44. Ethica's use of the Infringing Mark is confusingly similar to Plaintiff's Marks.

45. The Infringing Mark is in the same category of goods (essential oils).

46. Ethica's use of the Infringing Mark is likely to cause consumer confusion and a false association between Young Living's essential oils and the essential oils offered by Ethica which utilize the Infringing Mark, falsely leading consumers to believe that the products emanate from the same source or that Young Living and Ethica are somehow affiliated.

47. Such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Young Living and to consumers in this district.

48. Ethica's offering to the public of goods under the Infringing Mark has been and is without permission or authority of Young Living.

49. Such public offerings are also without license from Young Living.

50. The Infringing Mark has been used by Ethica and offered to the public utilizing this district as a forum for its infringing activities and with knowledge that the Infringing Mark is not authorized by Young Living.

51. Indeed, despite multiple demands from Young Living that Ethica cease its infringement of Plaintiff's Marks, Ethica has continued to knowingly and willfully infringe upon Plaintiff's Marks.

52. By using the Infringing Mark and offering alleged essential oils for sale under the Infringing Mark, Ethica has misrepresented and falsely described to the general public the origin and source of its goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Ethica with Young Living, or as to the origin, sponsorship, or approval of Ethica's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Ethica's goods.

53. Upon information and belief, Ethica's goods offered under the Infringing Mark are inferior in quality to the goods authorized to be provided by Young Living, and therefore, have, do, and will continue to damage the goodwill Young Living has developed in connection with offering its essential oils under Plaintiff's Marks.

54. Ethica, with full knowledge of Plaintiff's Marks, intended to, and did, trade on the goodwill associated with Plaintiff's Marks, and has misled and will continue to confuse and mislead the public into assuming a connection between Young Living and Ethica by its offer to the public of its goods under the Infringing Mark.

55. The use by Ethica of the Infringing Mark constitutes a knowing and willful false designation of origin and a false description or representation.

56. The imitation, reproduction, and other unauthorized use of the Infringing Mark causes irreparable injury to Young Living, including injury to its business reputation and goodwill.

57. Ethica's use of the Infringing Mark permits it to pass off its Infringing Product as those of Young Living to the detriment of Young Living and to the unjust enrichment of Ethica.

58. Ethica's use of the Infringing Mark has caused, currently causes, and is likely to continue to cause, damage to Young Living by tarnishing the valuable reputation and image associated with Young Living and its essential oils.

59. Ethica has further passed off its goods utilizing the Infringing Mark in interstate commerce as being affiliated with those of Young Living by Ethica's activities and many continuing misrepresentations to the consuming public, members of which are likely to and do believe that Ethica's goods utilizing the Infringing Mark are associated with Young Living.

60. Ethica's unlawful activity results in irreparable harm and injury to Young Living. Among other harms it:

    a. Deprives Young Living of its right to determine the manner in which its goods are presented to the general public;

    b. Dilutes the value of Plaintiff's Marks;

    c. Deceives the public as to the origin and sponsorship of Ethica's Infringing Product;

    d. Wrongfully trades upon Young Living's reputation and exclusive rights in its trademarks; and

    e. To the extent Ethica's Infringing Product is or may be of inferior quality or unauthorized for sale or distribution, it irreparably harms and injures Young Living's reputation.

61. Young Living is entitled to an injunction restraining Ethica, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with it, from engaging in any further acts in violation of Young Living's rights.

62. Young Living is further entitled to recover from Ethica the damages, including treble damages for Ethica's willful infringement, interest, attorneys' fees, and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Ethica as a result of its acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Young Living.

## CAUSES OF ACTION
### COUNT I
**(Trademark Infringement Under § 43(a)(1)(A) of the Lanham Act)**

63. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

64. Ethica's use of Plaintiff's Marks within the Infringing Mark is the improper use in commerce of words, terms, and/or names that are likely to cause confusion, mistake, or deception as to whether Ethica is affiliated, connected, or associated with Young Living (including Plaintiff's Marks) and/or as to whether Young Living originated, sponsored, or approved of Ethica's Infringing Product.

65. By so acting, Ethica has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

66. Young Living has been and will continue to be damaged by such wrongful actions.

67. Because Ethica's actions were intentional, willful and/or deliberate, including by continuing its infringement after specific notice from Young Living, Young Living is entitled to an award of Ethica's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

68. By reason of the foregoing, Young Living is further entitled to injunctive relief and monetary damages against Ethica.

### COUNT II
**(Trademark Infringement under § 32 of the Lanham Act)**

69. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

70. Young Living possesses valid federal trademark registrations for Plaintiff's Marks issued by the USPTO.

71. Ethica's actions as described above are likely to cause confusion, mistake, or

deception as to the affiliation, connection, or association of Ethica with Young Living, or as to the origin, sponsorship, or approval of Ethica's Infringing Product by Young Living. Indeed, Ethica's conduct described herein constitutes trademark infringement of each of Plaintiff's Marks in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

72. Ethica's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks, as well as damages and irreparable injury to Young Living's business, goodwill, and reputation.

73. Young Living has no adequate remedy at law because damages are continuing and difficult to ascertain.

74. Ethica's continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, making this case exceptional.

75. Because Ethica's actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Ethica's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

76. By virtue of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Ethica.

## COUNT III
### (False Advertising Under 15 U.S.C. § 1125(a)(1)(B))

77. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

78. Ethica advertises its goods in commerce by extensively utilizing Plaintiff's Marks in order to create the false impression of a connection and/or affiliation between Young Living and Ethica.

79. Such use, and any use similar to it, by Ethica is materially false, misleading, confusing, and/or deceptive.

80. Indeed, such use is meant to trade off of the goodwill associated with Plaintiff's

Marks and to create confusion among customers.

81. Such use of Plaintiff's Marks by Ethica is likely to cause confusion and/or mistake as to the origin, association, or approval of Ethica's Infringing Product and Young Living.

82. Ethica's false statements have caused injury to Young Living in an amount to be proven at trial.

83. The infringing activities of Ethica are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (Unfair Competition Under 15 U.S.C. § 1125(a)(1))

84. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

85. Young Living has a protectable interest in Plaintiff's Marks.

86. Ethica's use of Plaintiff's Marks in commerce is likely to cause confusion in the consuming public as to the source, origin, and/or sponsorship of the Infringing Product and Young Living.

87. Ethica's actions of unfair competition, as described herein, have caused injury to Young Living in an amount to be proven at trial.

88. The infringing activities of Ethica are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT V
### (Trademark Dilution Under 15 U.S.C. § 1125(c))

89. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

90. By virtue of many years of successful sales and use in commerce, Plaintiff's Marks have become famous.

91.     Ethica's use of Plaintiff's Marks within the Infringing Product in commerce has and will continue to cause dilution of Plaintiff's Marks.

92.     Ethica's dilution of Young Living's rights in Plaintiff's Marks has caused injury to Young Living in an amount to be proven at trial.

93.     The infringing activities of Ethica are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT VI
### (Common Law Trademark Infringement)

94.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

95.     Plaintiff's Marks are distinctive and have acquired secondary meaning.

96.     Ethica's actions, as alleged above, infringe Young Living's common law trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

97.     By reason of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Ethica.

98.     The infringing activities of Ethica are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT VII
### (Utah Deceptive Trade Practices – U.C.A. § 13-11A-3)

99.     Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

100.    By improperly using Plaintiff's Marks within the Infringing Product, Ethica has (1) passed off its goods as those of Young Living; (2) caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Ethica's goods; and (3) caused a likelihood of confusion or misunderstanding as to any affiliation, connection,

association with, or certification by Young Living.

101. The foregoing misconduct of Ethica constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

102. Young Living is entitled to recover damages to fairly and reasonably compensate it for Ethica's conduct.

103. Young Living is entitled to prevent, restrain, and enjoin Ethica from current and future uses of Plaintiff's Marks.

104. Young Living is entitled to an award of its attorneys' fees and its costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11a-4(2)(c).

105. Young Living has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Ethica's acts, and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Ethica from further misconduct.

### COUNT VIII
### (Unjust Enrichment)

106. Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

107. Ethica has benefited from the improper, unfair, and unauthorized use of Young Living's exclusive trademark rights and goodwill attendant thereto, as set forth above.

108. Ethica has knowledge and fully appreciates the benefits it has received from Young Living as a result of such actions.

109. Ethica would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

110. Equity and good conscience dictate that Ethica be required to account for and turn over to Young Living an amount equal to the value of the benefits conferred upon it.

## COUNT IX
### (Unfair Competition – U.C.A. § 13-5a-103)

111. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

112. Ethica's conduct as described herein is unlawful, unfair, and/or fraudulent.

113. Ethica's conduct as described herein has resulted in the material diminution in the value of Plaintiff's Marks.

114. Ethica's conduct as described herein infringes upon the rights of Young Living in and to Plaintiff's Marks.

115. The infringing activities of Ethica are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## JURY DEMAND

Young Living hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Young Living demands judgment against Ethica as follows:

A.  Preliminarily and permanently enjoining Ethica, and all other persons participating or acting in concert with it, from infringing any of Young Living's rights in Plaintiff's Marks;

B.  Preliminarily and permanently enjoining Ethica, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Ethica is authorized by or affiliated with Young Living and as to whether Ethica's Infringing Product has been authorized or sponsored by Young Living;

C.  Preliminarily and permanently enjoining Ethica, and all other persons participating or acting in concert with it, from falsely advertising in any manner that causes confusion as to the origin, source, or approval between Young Living and Ethica's Infringing

Product;

  D. Preliminarily and permanently enjoining Ethica, and all other persons participating or acting in concert with it, from falsely advertising the Infringing Product in a manner that is likely to cause confusion or mistake as to whether Ethica is authorized by or affiliated with Young Living and as to whether Ethica's Infringing Product has been authorized or sponsored by Young Living;

  E. Preliminarily and permanently enjoining Ethica, and all other persons participating or acting in concert with it, from engaging in unfair competition, either under federal law or U.C.A. § 13-5a-103;

  F. Preliminarily and permanently enjoining Ethica, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of Ethica's Infringing Product;

  G. Preliminarily and permanently enjoining Ethica, and all other persons acting in concert with it, from making a false representation as to the affiliation, connection, association with, or certification by Young Living of Ethica's Infringing Product;

  H. Preliminarily and permanently enjoining Ethica, and all other persons acting in concert with it, from diluting Plaintiff's Marks;

  F. An order of the Court directing Ethica to deliver up to Young Living all literature, advertisements, products, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Ethica's possession, custody, or control and which improperly use Plaintiff's Marks or any confusingly similar variant;

  G. An order from the Court directing Ethica to provide an accounting of all revenues and profits gained while engaging in the acts complained of in this Complaint;

  H. Awarding Young Living its actual damages, and awarding Young Living any additional damages that the Court deems just and equitable under the circumstances of the case;

15

I. Awarding Young Living treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on any claim asserted under § 43(a) of the Lanham Act;

J. Establishment of a constructive trust consisting of profits from or obtained by Ethica's wrongful acts, to be held for the benefit of Young Living;

K. Awarding Young Living damages to which it is entitled based upon Ethica's unjust enrichment, both under federal and state law, as claimed herein;

L. Awarding Young Living prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment;

M. Awarding Young Living its allowable costs and attorneys' fees, including but not limited to, pursuant to 15 U.S.C. § 1117 and Utah Code Annotated § 13-11A-4(2)(c); and

N. Awarding Young Living such other and/or further relief as is just and equitable.

DATED this 1st day of March, 2019.

                Respectfully submitted,

                KIRTON | McCONKIE

                By: /s/James T. Burton
                    James T. Burton
                    Joshua S. Rupp

                Attorneys for Plaintiff